# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACQUELYN S JORDAN TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00326 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| CITY OF FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On May 6, 2022, Jacquelyn Jordan, a pro se Tennessee resident and trustee of the Jacquelyn S Jordan Trust ("the Trust"), filed a Complaint and Request for Injunction ("Complaint") and paid the filing fee. (Doc. No. 1). During the afternoon of May 11, 2022, Jordan filed a Motion for a Temporary Restraining Order and supporting Memorandum ("TRO Motion"), requesting that this Court bar the City of Franklin from "demanding, summonsing, and forcing [her to] appear[] in municipal court" at 7:30 a.m. on May 12, 2022. (Doc. Nos. 6, 7). As an initial matter, Jordan does not attempt to explain why she waited to file the TRO Motion until less than 24 hours before the hearing. Last-minute requests for emergency injunctive relief without a convincing explanation for the timing of the request are strongly disfavored. *See Lucking v. Schram*, 117 F.2d 160, 162 (6th Cir. 1941) ("[E]quity aids the vigilant, and not those who slumber on their rights.") (citations omitted). Setting the timing issue aside, however, there are several reasons why the TRO Motion is not well-taken. As a result, the TRO Motion will be **DENIED** without prejudice, and this case cannot proceed until Jordan complies with the instructions at the end of this Order.

# I. JORDAN'S AUTHORITY TO REPRESENT THE TRUST

As a threshold matter, Jordan lists the plaintiff in this case as "Jacquelyn S Jordan Trust, Jacquelyn Jordan Trustee." (Doc. No. 1 at 1). "A trustee and a trust, however, are two separate entities. They are not interchangeable." *Elm Children's Educ. Tr. v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014). The statute authorizing a party to represent herself in federal court does not allow that party to "appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Applying this principle in the estate context, the Sixth Circuit has held that "a personal representative may appear pro se on behalf of an estate only if he or she is the sole beneficiary of the estate and the estate has no creditors." *Est. of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)). Here, extending this holding to the trust context, Jordan cannot represent the Trust pro se unless she is the sole beneficiary of the Trust and the Trust has no creditors. Neither the Complaint nor the TRO Motion address this threshold matter. Accordingly, at this time, it is unclear whether Jordan is authorized to represent the Trust.

On a related note, the signature block of the Complaint bears Jordan's typed name. (Doc. No. 1 at 7). All pro se parties in federal court must personally sign "[e]very pleading, written motion, and other paper" they submit. Fed. R. Civ. P. 11(a). This rule requires a handwritten signature, not a typed name. *Jefferson v. Lee*, No. 3:20-CV-00469, 2021 WL 2017898, at *1 (M.D. Tenn. May 20, 2021) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). Even if Jordan were authorized to represent the Trust pro se, therefore, she still must personally sign the Complaint before this case can proceed.

2

## II. TRO MOTION DEFECTS

Beyond these deficiencies with the Complaint, the TRO Motion is also procedurally and substantively flawed. Federal Rule of Civil Procedure 65(b) allows the Court to grant a TRO "only if specific facts . . . clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Procedurally, a TRO Motion must be supported, at a minimum, by "an affidavit or a verified complaint." *Id.*; M.D. Tenn. L.R. 65.01(b). That is not the case here, so the record contains an insufficient evidentiary basis to issue emergency injunctive relief. Additionally, the Court "may issue a [TRO] . . . only if" the movant "certifies in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This Court mandates "strict compliance" by pro se parties with this notice provision. M.D. Tenn. L.R. 65.01(c). Here, Jordan maintains that she has complied with this notice requirement because she "reached out to the Defendant for communication in moving the Complaint forward with no response from the Defendant." (Doc. No. 6 at 1). But Jordan does not certify that she attempted to provide notice of the *TRO Motion* to the City of Franklin, and the specific relief requested in the motion—restricting the City's authority as it relates to a municipal court hearing at 7:30 a.m. on May 12, 2022—is not mentioned in the Complaint. Jordan, accordingly, has not complied with the notice provision.

Substantively, in deciding whether to grant a TRO, the Court considers: (1) whether the party seeking the TRO has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury if the TRO is not entered; (3) the potential harm the TRO would cause others; and (4) whether the public interest would be served by issuance of the TRO. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009

3

(6th Cir. 2006) (citations omitted). These factors are balanced, *id.* (citation omitted), but where the moving party has shown "little likelihood of success on the merits," that "factor is dispositive," and the Court "need not address the other three factors." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 362 (6th Cir. 2008) (citations omitted).

Jordan does not make a strong showing of success on the merits because the basis of this Court's jurisdiction is unclear. As the Complaint form used by Jordan explains, "[f]ederal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties." (Doc. No. 1 at 3). Jordan invokes both types of jurisdiction, but because she lists all parties as Tennessee citizens, diversity jurisdiction does not appear to be present. (*See id.* at 3–4). And in the space to list the federal statute or law that provides the basis for federal question jurisdiction, Jordan cites 18 U.S.C. § 242. (*Id.* at 3). Section 242 "makes it a crime to willfully violate someone's constitutional rights," but this criminal statute does not provide "a private cause of action" that allows a party to bring a civil claim in federal court. *Millen v. Wray*, No. 21-5095, 2021 WL 3205362, at *1–2 (6th Cir. July 2, 2021) (citation omitted). Jordan, accordingly, cannot pursue or succeed on the merits of a claim under Section 242.

Even if the Court were to liberally construe the Complaint to invoke federal question jurisdiction under 42 U.S.C. § 1983—the statute providing "a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law," *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004)—Jordan does not identify the specific constitutional provision or federal law on which her claim or claims are based. (*See* Doc. No. 1 at 5–6, 9–15 (alleging that the City of Franklin has repeatedly acted "ultra vires" since October 2020)). Courts are not required "to scrutinize pro

4

se complaints to determine whether there is a cause of action other than the one pleaded by the plaintiff that is more advantageous to him" or her. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Here, because such scrutiny would be required to even identify a potentially viable claim, the Court cannot conclude that Jordan has shown a strong likelihood of success on the merits of any claim asserted in the Complaint. That is dispositive of Jordan's request for a TRO. *See Brunner*, 543 F.3d at 362.

For these reasons, the TRO Motion (Doc. No. 6) is **DENIED** without prejudice to Jordan later filing a properly-supported, procedurally-compliant Rule 65 motion for injunctive relief.

### III. INSTRUCTIONS TO JORDAN

To resolve the outstanding question of whether the Trust is represented by an authorized party in this case, Jordan **MUST** do one of three things: (1) arrange for a licensed attorney to enter a notice of appearance on behalf of the Trust; (2) file an Amended Complaint clarifying that she is only bringing claims on her own behalf in this case; or (3) file a Notice or Amended Complaint reflecting that she is the sole beneficiary of the Trust and the Trust has no creditors. At the same time, Jordan **MAY** use any Amended Complaint she files to clearly identify the specific federal claim or claims she is asserting in this case, including the factual allegations underlying each claim. Any Amended Complaint must "restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(b).

Jordan also **MUST** include her handwritten signature on any filing she submits to this Court. If Jordan intends to proceed on the Complaint entered at Doc. No. 1 in this case, she **MUST**, at a minimum, sign the Complaint on page 7. The Clerk is directed to **RETURN** the Complaint (Doc. No. 1) to Jordan for this purpose. The Clerk is also **DIRECTED** to send Jordan a blank Complaint for a Civil Case (Pro Se 1), for her use should she file an Amended Complaint.

5

Jordan must comply with these instructions within **30 DAYS** of the date this Order is entered on the docket, and any filing she submits must include the assigned case number, **No. 3:22-cv-00326**.[1] Jordan may request more time to comply before the deadline expires, if necessary. If Jordan does not comply with these instructions, the Court may dismiss this case without prejudice for failure to prosecute and failure to comply with the Court's Order. Fed. R. Civ. P. 41(b).

Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] To file in person or by mail, the address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. For more information, visit the Court's website: www.tnmd.uscourts.gov.